FILED
2007 May-30 PM 12:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL JONES, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. CV-06-S-1242-NE |
| HUNTSVILLE CITY BOARD OF EDUCATION, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the motion for summary judgment filed by defendant on May 4, 2007, in the above styled cause (doc. no. 12). Plaintiff Michael Jones initiated this action against defendant Huntsville City Board of Education alleging a hostile work environment and discrimination based on race, and retaliation after opposing racial harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.* and 42 U.S.C. § 1981.[1]

The court entered a submission order requiring plaintiff to file a brief in opposition and evidence in support of his opposition no later than May 25, 2007, in accordance with Appendix II of the Initial Order.[2] Plaintiff failed to file any responsive brief.

When summary judgment motions are filed, the pertinent part of Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[1] *See* doc. no. 1.

[2] *See* doc. no. 15.

material fact and that the moving party is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(c).[3]

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (*en banc*).

Pursuant to the court's Initial Order,

> Any statements of fact that are disputed by the non-moving party must be followed by specific reference to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*[4]

As plaintiff failed to file any response to defendant's motion for summary judgment or any opposition to defendant's statement of undisputed facts, those facts are deemed admitted for purposes of ruling on the pending motion for summary judgment. The court will only reference those facts necessary to reach its conclusion regarding defendant's motion for summary judgment, but those admitted facts can be seen in

---

[3] Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986).

[4] Doc. no. 6, Appendix II, at 16-17.

defendant's brief in support of its motion for summary judgment.[5]

Plaintiff Michael Jones was hired by defendant Huntsville City Board of Education as the Head Custodian at Hampton Cove Middle School ("HCMS") on July 15, 2003.[6] Jones's duties included supervising other custodians, imposing discipline on custodians as necessary, and interacting with others about problems with custodial services.[7] HCMS principal, Debi Edwards, received numerous complaints about the cleanliness of the school from teachers, staff, and others renting the school facilities, and she addressed those complaints with Jones.[8] Jones complained that he was subjected to harassment by Edwards and was subjected to discrimination and unlawful retaliation by the Board.[9] On August 15, 2005, Jones filed an EEOC charge claiming he was subjected to racial harassment by Edwards.[10] Jones attained tenure status on July 15, 2006.[11] He resigned his employment with the Board on January 26, 2007, after it was discovered that he secretly was using computers at HCMS to view pornography.[12]

Defendant moves for summary judgment arguing that criticism of job performance is not harassment and that any alleged harassment was not based on race. Defendant further points out that plaintiff has failed to provide any evidence to support his allegations of race discrimination. Finally, defendant argues that plaintiff's retaliation claim will not lie because Jones never suffered an adverse

---

[5] *See* doc. no. 13 at 1-13.
[6] *See* doc. no. 13 at 1.
[7] *See id.*
[8] *See id.* at 2-6.
[9] *See id.* at 12.
[10] *See id.*
[11] *See id.* at 13.
[12] *See id.*

employment action. Indeed, Jones never received a written reprimand and he resigned his employment. Further Jones cannot establish a causal relation between any adverse employment action and protected expression because, by his own admission, he suffered much less discrimination *after* filing his EEOC complaint.[13]

Based on the arguments presented by defendant in its motion for summary judgment, and the utter lack of evidence to support plaintiff's claims, the court finds that summary judgment is due to be granted on all claims against defendant.

Accordingly, defendant's motion for summary judgment is GRANTED. Plaintiff's claims are dismissed with prejudice. The clerk is directed to close this file.

DONE this 30th day of May, 2007.

_____
United States District Judge

---

[13] *See* doc. no. 13 at 13 (citing Jones depo. at 218).